**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000663
23-OCT-2024
07:53 AM
Dkt. 54 SO**

NO. CAAP-21-0000663

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED
BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST,
SERIES 2006-AR3, Plaintiff-Appellee,
v.
NICHOLAS J. SCARDINO, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR MERIDIAS CAPITAL, INC.;
ASSOCIATION OF APARTMENT OWNERS OF MAKIKI TOWERS,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191001630)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

This is a judicial foreclosure case. Self-represented Defendant-Appellant Nicholas J. Scardino (**Scardino**), appeals from (1) the Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure,

(**Foreclosure Order**), and (2) Judgment, both entered on October 12, 2021 by the Circuit Court of the First Circuit (**circuit court**).[1]  The Foreclosure Order and Judgment were entered in favor of Plaintiff-Appellee HSBC Bank USA, National Association, as Trustee for the Holders of the Certificates Issued by Deutsche ALT-A Securities Mortgage Loan Trust, Series 2006-AR3 (**HSBC Bank**).

The summary judgment record reflects that Scardino owned real estate in Honolulu (the **Property**).  In May 2006, Scardino executed a $318,400 promissory note (**Note**) in favor of Meridias Capital, Inc. (**Meridias**).  Scardino secured the Note with a mortgage on the Property (the **Mortgage**).  The Mortgage identified Mortgage Electronic Registration Systems, Inc. (**MERS**), solely as nominee for Meridias, as mortgagee.  The Mortgage was assigned to HSBC Bank by assignment of mortgage recorded on September 3, 2008; the Note was specially indorsed to HSBC Bank.  Specialized Loan Servicing LLC (**SLS**) serviced the loan.

Scardino defaulted on the Note in April 2008.  HSBC Bank sent Scardino notice of the default and acceleration of the loan (**Notice**) in June 2010.  The Notice provided Scardino 30 days to cure the default.  Scardino did not timely cure the

---

[1]    The Honorable Jeannette H. Castagnetti presided.

default, and HSBC Bank filed a Complaint for Mortgage Foreclosure (the **Complaint**) on October 16, 2019.

HSBC Bank moved for summary judgment and interlocutory decree of foreclosure in June 2021. The circuit court granted HSBC Bank's Motion for Summary Judgment (**MSJ**), and entered Judgment. On appeal, Scardino appears to contend that the circuit court erred by granting HSBC Bank's MSJ because HSBC Bank lacked standing to bring the foreclosure action.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Scardino's contention as follows.

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citation omitted).

HSBC Bank, as the foreclosing party, "must [inter alia] prove its entitlement to enforce the note and mortgage."

Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017).  In Reyes-Toledo, the Hawaiʻi Supreme Court held that,

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact.  A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note.  A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property.  Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder.  Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

Id. at 367-68, 390 P.3d at 1254-55 (cleaned up).

Here, the summary judgment record reflects that HSBC Bank provided the circuit court with: (1) the October 25, 2019 Declaration of Sylvia Meregillano (**Meregillano**), the Custodian of Records for HSBC Bank's legal counsel, TMLF Hawaii LLLC (**TMLF**), who declared under penalty of perjury that "[a]ccording to the records and files of [TMLF], on 11/29/2016, [TMLF] was in possession of the original Note, specially indorsed to [HSBC Bank],. . .[o]n 10/16/2019, the date [the Complaint] was filed, [HSBC Bank], through counsel, was in possession of the original Note, specially indorsed to [HSBC Bank]," and that the original Note was stored at TMLF's "designated storage facility in a fire-proof safe"; (2) the November 25, 2016 Bailee Letter to

TMLF, authenticated by Meregillano; (3) the May 26, 2021 Declaration of Indebtedness and on Prior Business Records of Steven Ross, Second Assistant Vice President of SLS, who declared under penalty of perjury that he has "personal knowledge of SLS's procedures for creating" its business records and is authorized to provide verification of these records, and that "SLS's records indicate that [HSBC Bank], by and through its counsel, had possession of the original Note, specially indorsed to [HSBC Bank], as of 10/16/2019, the date of the filing of the Complaint in this foreclosure," and (4) the Note, Mortgage, and Assignment of Mortgage to HSBC Bank.

On this record, we conclude that HSBC Bank satisfied its initial burden on summary judgment. See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 328, 489 P.3d 419, 432 (2021) ("Collectively, the evidence presented by U.S. Bank [] establishes the bank's possession of the Note on the day the complaint was filed.").

The burden then shifted to Scardino, and Scardino did not meet his burden of establishing that there is a genuine question of material fact for trial. See Id. at 328, 489 P.3d at 432 ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it

filed suit.") (citing Hawaiʻi Rules of Civil Procedure Rule 56(e)). Scardino offered no evidence that HSBC Bank, through its counsel, did not possess the Note at the time the Complaint was filed. Nor did Scardino provide evidence to support his contention that HSBC Bank "falsified" the Note.

For the foregoing reasons, we affirm the circuit court's Foreclosure Order and Judgment, filed October 12, 2021.[2]

DATED: Honolulu, Hawaiʻi, October 23, 2024.

| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
|---|---|
| Nicholas J. Scardino,<br>Self-represented<br>Defendant-Appellant. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Charles R. Prather,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[2] Scardino's "Motion for Preemptory Challenge – Disqualification or Recusal of Judge Jeannette H. Castagnetti," attached to his opening brief as pages 23-28, is denied.